TARA K. MCGRATH
United States Attorney
EVANGELINE A. DECH
California Bar No. 326832
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: (619) 546-9744
Email: evangeline.dech@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN MATTHEW RUFFONI aka @SDJeffy,<br><br>　　　　　Defendant. | Case No.:  24-mj-2904-VET<br><br>JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER |

Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Tara K. McGrath, United States Attorney, and Evangeline A. Dech, Assistant United States Attorneys, and Defendant JOHN MATTHEW RUFFONI aka @SDJeffy, by and through counsel, Vikas Bajaj, hereby jointly move, pursuant to 18 U.S.C. § 3509(d), 18 U.S.C. § 3771(a), and Fed. R. Crim. P. 16(d), for this Court to enter a protective order.

1

  Because Defendant's conduct involves minors who are victims, and are witnesses to the same, the parties move for this Court to enter a protective order in order to: protect sensitive personally identifiable information and privacy interests of the victims, and other third parties. This motion is based upon the files and records of this case and the following representations:

  1. The complaint charges Defendant with the possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).

  2. The Government believes some of the images of minors engaged in sexually explicit conduct appear to be morphed images of minor victims from social media accounts.

  3. The discovery to be provided by the Government includes sensitive information, including the name of, means of identification for, photographs of, and other private information about the minor victims. Unauthorized, or even inadvertent, dissemination of the information could expose the minor victim, and could significantly harm their dignity and privacy interests, see 18 U.S.C. §§ 3771(a)(1) and (8), and would be a violation of the privacy protections required by law for minor victims, see 18 U.S.C. § 3509(d).

  4. Although the Government intends to produce victim discovery with some redactions, redaction of all sensitive information would be impracticable because of the relevance of certain items, such as victim interviews or the online communications. The Government seeks to produce this sensitive information to defense counsel, with the protections set forth in the proposed protective order.

  5. Recognizing the sensitivity of the discovery and the privacy interests of the victims and other third parties, the parties hereby move that the defendant, defense counsel, paralegals, investigators, law clerks, secretaries, experts, assistants, interpreters, office personnel, and employees shall not disclose the

substance of any discovery material received from the Government to any third party, unless such material is already a matter of public record, without prior approval of this Court.

6. The parties further move and agree that the discovery produced by the United States Attorney, Assistant United States Attorneys, paralegals, law clerks, and legal assistants assigned to this case (hereafter collectively referred to as "the Government") may not be copied, reproduced, or further disseminated in any way or by any other person or entity who is not a part of the defense team including but not limited to Defendant, defense counsel, paralegals, law clerks, secretaries, experts, investigators, assistants, interpreters, office personnel, and employees of defense counsel.

7. The parties further move and agree that nothing contained herein shall prevent the Government, or defense counsel, from disclosing such discovery material to any other attorneys working for the Government, with defense counsel, agents (federal, state or local), paralegals, law clerks, secretaries, experts, investigators, assistants, office personnel, employees, and any other person who is working for the Government or defense counsel (collectively referred to as "assistants") in the investigation or preparation of this case or, with respect to the Government and its assistants only, in other criminal investigations, without prior court order. Further, nothing contained herein shall preclude the Government, defense counsel, or their respective assistants from conducting an investigation of the facts of this case on behalf of the Government or Defendant, or with respect to the Government and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by said discovery materials, or from asking said witnesses if they themselves have made prior statements to the Government that are disclosed in the discovery materials, and

about the contents of such statements. In connection with any such investigation, it shall not be necessary that the Government, defense counsel, or their respective assistants, obtain prior permission of this Court.

8. The parties jointly move and agree that, should defense counsel withdraw or be disqualified from participation in this case, any material received and any copies derived therefrom, shall be returned to the Government within 10 days.

9. Finally, the parties jointly move and agree that each party shall be required to communicate the substance of this order and explain it to their clients and assistants before disclosing the substance of the discovery to their clients or assistants.

10. The proposed protective order will be submitted to the Court separately.

DATED: August 5, 2024

/s/ Evangeline A. Dech
EVANGELINE A. DECH
Assistant U. S. Attorneys

/s/ Vikas Bajaj
VIKAS BAJAJ
Counsel for Defendant